UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**WESTLEY S. WILLIAMS, #203294,**

Petitioner,

v.  2:10CV116

**GENE M. JOHNSON,**
**Director of Virginia Department of Corrections,**

Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C), and Rule 72(b) of the Federal Rules of Civil Procedure. Because the petition is both procedurally defaulted and time barred, the undersigned recommends it be dismissed.

## I. STATEMENT OF THE CASE

On February 21, 1996, in the Circuit Court of the City of Richmond, a jury convicted petitioner Westley S. Williams ("petitioner" or "Williams") of murder, use of a firearm in the commission of a murder, and possession of a firearm by a previously convicted felon. On April 18, 1996, the court sentenced him to a total of twenty-four years imprisonment. He received twenty years for first degree murder, three years for use of a firearm in the commission of a murder, and one year for possession of a firearm by a previously convicted felon. Williams filed a notice of appeal on August 26, 1996, arguing that the trial court erred by allowing a juror to

request additional information from a defense witness during the trial. On April 22, 1997, the Court of Appeals of Virginia affirmed Williams' conviction. The Court of Appeals found that the procedure employed by the trial judge to handle the juror's question was not an abuse of discretion. Williams v. Commonwealth, 484 S.E.2d 153, 153 (Va. Ct. App. 1997). On May 20, 1998, Williams appealed to the Supreme Court of Virginia, which refused his appeal on September 8, 1998.

On March 9, 1998, Williams filed a petition for a writ of habeas corpus in the Circuit Court of the City of Richmond. The Circuit Court dismissed the petition on May 18, 1998. Williams appealed that court's decision to the Supreme Court of Virginia, which refused his petition on January 28, 1999.

Ten years later, on November 2, 2009, Williams filed a second petition for writ of habeas corpus in the Supreme Court of Virginia. This second state habeas petition alleged due process violations, prosecutorial misconduct, and ineffective assistance of counsel. In the petition, Williams sought to avoid the obvious time-bar by claiming he had recently discovered evidence that the prosecutor withheld exculpatory material. On February, 4, 2010, the Supreme Court of Virginia dismissed the petition as untimely and successive under Virginia Code §§ 8.01-654(A)(2) and 8.01-654(B)(2). Williams v. Dep't of Corr., No. 236294 (Feb. 4, 2010).

On March 15, 2010, Williams, proceeding pro se, filed this federal petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. In his federal petition, Williams again asserts due process violations, specifically that the Commonwealth withheld exculpatory evidence regarding an allegedly inconsistent statement made by a witness who was interviewed by police but did not testify, as well as a document which referred to an unidentified "eyewitness" to the crime. He claims the evidence of the alleged prosecutorial misconduct was only recently discovered. On

2

June 2, 2010, respondent filed his Rule 5 Answer and Motion to Dismiss, along with a brief in support.[1] Williams responded on June 21, 2010, and respondent's Motion to Dismiss is now ripe for judicial review.

## II. RECOMMENDED FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. The claims in Williams' petition are procedurally defaulted.

Habeas petitions filed pursuant to 28 U.S.C. § 2254 challenge a state's custody over a petitioner on the grounds that such custody violates the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Before applying for federal habeas relief, however, a petitioner must first exhaust the remedies available in state court or demonstrate the absence or ineffectiveness of such remedies. 28 U.S.C. § 2254(b)(1). Therefore, before a state prisoner can apply for federal habeas relief, he must first give the state court an opportunity to consider alleged constitutional errors occurring in a state prisoner's trial and sentencing. Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998). "To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997); see Picard v. Connor, 404 U.S. 270, 275-76 (1971).

Williams presented the claims raised in his federal petition to the Supreme Court of Virginia in his second state habeas petition. The second state petition was denied on procedural grounds as untimely and successive under both Virginia Code §§ 8.01-654(A)(2) and 8.01-654(B)(2), respectively. The Court therefore finds that, for purposes of federal review, Williams' claims have been exhausted.

---

[1] Prior to receiving the Respondent's Answer, Williams moved for Default Judgment, arguing that the Respondent had failed to respond by the date fixed in the Court's Order of April 2, 2010. The Respondent timely filed a request for an extension of time (Doc. 7) which the Court granted over Williams' objection (Doc. 11). As the Respondent timely filed his opposition by the extended deadline, and Williams properly replied, the undersigned recommends that Williams' Motion for Default Judgment be DENIED.

3

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." Breard, 134 F.3d at 619. A federal habeas petitioner's claims are procedurally defaulted "[if] a state court clearly and expressly bases its dismissal on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal ." Id. (citing Coleman v. Thompson, 501 U.S. 722, 731-32 (1991)).[2] A state rule is adequate and independent where it is "regularly or consistently applied by the state court," and "does not rely on a rule of federal constitutional law". Mu'Min v. Pruett, 125 F.3d 192, 196 (4th Cir.1994) (citing Johnson v. Mississippi, 468 U.S. 578, 587 (1988)). The procedural default rules set forth in Va. Code Ann. §§ 8.01-654(A)(2) and 8.01-654(B)(2) constitute an adequate and independent state-law basis for decision. See Weeks v. Angelone, 176 F.3d 249, 273 (4th Cir. 1999); Sparrow v. Director, 439 F.Supp.2d 584 587-88 (E.D. Va. 2006). Therefore, Williams may only overcome procedural default and obtain federal review on the merits of the case, if he is able to demonstrate cause and prejudice for the default or demonstrate that failure to review the claims will result in a fundamental miscarriage of justice. Coleman, 501 U.S. at 750; Savino v. Murray, 82 F.3d 593, 602 (4th Cir. 1996).

Williams' petition states that he is "actually innocent", a claim explicitly tied to the discovery of new evidence and the fundamental miscarriage of justice exception. Schlup v. Delo, 513 U.S. 598, 321 (1995). In order to excuse procedural default under this exception, Williams must show that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." Royal v. Taylor, 188 F.3d 239 243-44 (4th Cir. 1999) (quoting Schlup, 513 U.S. at 327). Williams' evidence must also be "new reliable evidence'... that was

---

[2]Procedural default "also occurs when a habeas petitioner fails to exhaust available state remedies and 'the court to which the petition would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998) (quoting Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991)).

4

not presented at trial." Id. at 244 (quoting Schlup, 513 U.S. at 324). Here, Williams cannot meet the burden required to avoid procedural default under this exception because the factual contentions underlying both his claims are vague, conclusory and in some cases demonstrably false.

Williams first claims the Commonwealth withheld exculpatory evidence regarding an inconsistent statement of a witness, April Jones ("Jones"). Jones did not testify at trial, but Williams alleges that Jones' statement, which he attached to his federal petition (Doc. 2-2), is inconsistent with the testimony of Brenda Harris ("Harris"), Jones' friend who did testify at trial and who implicated Williams. He claims that Harris testified that Jones was present at the scene of the crime, a claim which conflicts with the statement of Jones that she did not actually witness the shooting but heard shots and saw Williams running.

After reviewing the transcripts, the Court finds that the testimony of Harris at trial regarding what she heard Jones say is not inconsistent with statements made by Jones in the earlier interview. Harris' testimony did not necessarily place Jones at the scene of the crime at the exact moment of the shooting. Transcript of Record at 76-95, Virginia v. Williams, No. CR95003409 through CR95003411 (Va. Cir. Ct. 1996) [hereinafter Transcript]. Jones' interview, which unequivocally implicates Williams as the shooter, was based on her observations of him immediately after the crime, hearing the shots fired and observing the victim. The two descriptions paint a consistent view of the events and the statements by Jones do not contradict Harris' testimony.

Even if the statements were in direct conflict with regard to Jones' location at the time she witnessed the shooting, Williams does not explain how this slight discrepancy would prevent

5

any reasonable juror from convicting him on the evidence thus presented.[3] Both women believed he was the perpetrator and their descriptions – whether to investigating officers or at trial – are fundamentally consistent. Moreover, Williams has not alleged any factual basis for his claim that the allegedly withheld statement was improperly withheld, nor has he explained how it came into his possession, or why it took nearly fifteen years for him to raise it in a habeas petition.

Williams next alleges that the Commonwealth withheld evidence regarding a potential "eyewitness" to the murder. This claim also fails to meet the high standard that new evidence reveal a fundamental miscarriage of justice. The evidence in support of this claim consists of a Medical Examiner's Report containing a brief "Narrative Summary of Circumstances Surrounding Death" ("Narrative"). The Narrative states that there was an "eyewitness who ... witnessed decedent being shot multiple times." Williams claims this is sufficient evidence to establish the existence of an "undisclosed" witness who observed the shooting. Again Williams provides no basis for the claim that this evidence was unavailable at the time of trial. In fact, the existence of the "eyewitness" described in the Narrative was specifically addressed by Williams' trial counsel during his closing argument, "In the medical examiner's report which you have, there's a cover sheet and on it makes reference to eyewitnesses." (Transcript at 579). Moreover, Williams has provided no new evidence regarding the still unidentified witness which would suggest that the witness possessed exculpatory evidence, or would exonerate Williams.

As Williams has provided no evidence to support his claims that exculpatory evidence was withheld or to establish that the evidence he has presented was not available at trial, no

---

[3] Williams also takes issue with Harris' description that the victim was shot seven times, when the medical evidence reveals he was shot fourteen times. Again, Jones' statement that "I know he shot him 'bout seven times." is not plainly inconsistent, (Doc. 2-2, line 24). Also unexplained is how Jones' understatement could in anyway exonerate Williams.

6

fundamental miscarriage of justice results from declining to review Williams' claim that the prosecutor improperly withheld Jones' statement or the Narrative.

**B. Williams' petition is time-barred.**

In addition to his procedural default, Williams' habeas claims in this Court are time barred. On April 24, 1996, Congress passed the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996). Previously, no statutory time limit for filing a habeas corpus petition existed. See Brown v. Angelone, 150 F.3d 370, 372 (4th Cir. 1998). However, the AEDPA codified a statute of limitations for habeas corpus petitions. 28 U.S.C. § 2244 (d)(1); see Brown, 150 F.3d at 375. The AEDPA provides that any person in custody pursuant to a state court judgment has one year to file a petition for a writ of habeas corpus. As relevant to this case, the limitation period runs from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The time period during which any state post-conviction or other collateral review is pending, tolls the limitation period. 28 U.S.C. § 2244(d)(2).

In the present case, judgment was entered against Williams in the Circuit Court of the City of Richmond on February 21, 1996. Petitioner appealed his convictions to the Court of Appeals of Virginia, which affirmed his convictions on April 22, 1997. The Supreme Court of Virginia denied petitioner's appeal on September 8, 1998. Williams then had ninety days to file a petition for writ of certiorari to the United States Supreme Court. 28 U.S.C. § 2101(C); see Clay v. United States, 537 U.S. 522, 527 (2003) ("Finality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."). As such, petitioner's convictions became final on

December 7, 1998, after the ninety-day period to file a petition for writ of certiorari expired. Thus, Williams would normally have become statutorily barred from filing a federal petition for habeas corpus relief on December 7, 1999.

In order to defeat the statutory bar under 28 U.S.C. § 2244 (d)(1)(D), Williams must establish that the facts underlying this petition could not have been discovered with due diligence by March 15, 2009[4]. The first claim relates to statements which are alleged to be conflicting. Williams has marshaled no evidence in support of the proposition that the specific statements of Jones were unavailable at time of trial. Williams offers only the unsupported statement that the statements were brought to Williams' attention by "an honest person" in "mid-to-late 2009." (Petitioners Brief at pp. 5,1). Additionally, given the fact that Williams' counsel referenced Jones during the trial[5], there is no evidence to establish that the statements in question could not have been ascertained with due diligence prior to 2009, some 15 years after Williams' trial.

The second claim relates to alleged newly discovered evidence regarding the Narrative. Williams has failed to establish that the evidence was not available to him or his defense counsel at the time of trial. In fact, the record indicates that Williams' counsel referenced the eyewitness described in the Narrative during his trial in 1996. Because both of Williams' claims fail to satisfy the requirements under 28 U.S.C. §2244 (d)(1)(D), the petition is time-barred.

### III. RECOMMENDATION

As the Respondent timely filed his response, the undersigned recommends that Williams' Motion for Default Judgment (Doc. 9) be DENIED.

---

[4] The present petition was filed March 15, 2010. A properly filed state habeas petition would toll the one-year limitations period, however, Williams' state habeas petition was not properly filed. See Wallace v. Jarvis, __ F.Supp.2d __, No. 7:09CV426, slip op. at 2 (W.D. Va. July 30, 2010) (citing Pace v. DiGuglielmo, 544 U.S. 408, (2005) (holding that a state habeas petition which is untimely under Va. Code § 8.01-654(A)(2) is not properly filed).

[5] Transcript at 579-80. Williams' counsel argued in closing that the government's failure to call Jones diminished the prosecution's case.

Because Williams' claims are both procedurally defaulted and time-barred, and he has presented no factual basis upon which to excuse the default, the undersigned further recommends that Williams' petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED, and Respondent's Motion to Dismiss be GRANTED.

## IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk any written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this Report to the objecting party, 28 U.S.C. § 636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of right to appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir.1984); United States v. Schronce, 727 F.2d 91 (4th Cir.1984).

The Clerk shall mail a copy of this Order to the Petitioner and to counsel of record for the Respondent.

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
November 4, 2010

9